### No. 2072
### Second Circuit Appeal.

---

## LOUISIANA RAILWAY & NAVIGATION COMPANY v. JAMES C. COPELLAR

(March 30, 1925, Opinion and Decree.)

---

(*Syllabus by the Editor.*)

1. Louisiana Digest—Carriers of Passengers and Goods—Par. 135; Evidence—Par. 58.

One who desires to escape liability for the payment of a draft with bill of lading attached for goods shipped, on the

ground that the shipment arrived too late has the burden to prove that the delay in the delivery was caused either by the shipper or the railroad company.

Appeal from the Eleventh Judicial District Court of Louisiana, Parish of Natchitoches, Hon. J. W. Jones, Judge.

This is a suit for the recovery of the price of a shipment which was erroneously delivered before the draft which was attached to the bill af lading paid. There was judgment for the defendant and plaintiff appealed.

Judgment reversed.

Rusca & Cunningham, of Natchitoches, attorneys for plaintiff, appellant.

J. O. Gunter, of Natchitoches, attorney for defendant, appellee.

ODOM, J. Plaintiff sues defendant to recover the sum of $101.20, and alleges as a cause of action that on October 24, 1917, D. I. Bushnell & Co., of St Louis, Missouri, shipped from St. Louis, Missouri, three sacks of clover or alfalfa seed consigned to the shipper's order at Grappes Bluff, Louisiana, with instructions to notify J. C. Copellar, said shipment to be routed over plaintiff's line of railroad; that the consignor drew on said J. C. Copellar for the price of the shipment, which was $101.20, with bill of lading attached, the intention being that the defendant would pay the draft, obtain the bill of lading and the goods from the plaintiff upon presentation of the bill of lading. And it alleges that through error its agent, on November 1, 1917, delivered the shipment of goods to defendant without requiring the bill of lading, that the defendant thereby obtained possession of the goods without paying the draft and has never paid the vendor the price of the goods; and that on account of the said error on the part of its agent it became responsible to the owner for the loss occasioned by said erroneous delivery and has been compelled to pay owner the amount of the loss, $101.20.

Defendant answered admitting that the alfalfa seed was shipped to him by Bushnell & Co., as alleged, but especially alleges that the said seed were ordered through J. B. Bateman, Parish Demonstration Agent, to be delivered not later than October 1, 1917, and that said shipment was not attempted to be delivered to him until November 1, 1917, and that he had no use for the seed when they arrived and that he refused to accept said seed because of the failure to deliver the same before that time and he pleads that he notified the conductor on the plaintiff's road before he attempted to leave said seed at Grappes Bluff that he would not receive them. He interposed in his answer pleas of prescription of one, two and three years.

The trial in the lower court resulted in judgment for the defendant rejecting plaintiff's demand, and plaintiff has appealed.

Defendant is answer interposed pleas of prescription one, two and three years; but those pleas seem to have been abandoned as they were not referred to in oral argument or in counsel's brief. However, we will state that we do not think this cause of action is governed by the prescription of either one, two or three years but is governed by that of ten years.

### ON THE MERITS.

The seed in question were ordered from B. I. Bushnell & Co. of St. Louis, Missouri, by defendant through J. B. Bateman, the Parish Demonstration Agent for Natchitoches parish. The testimony makes it clear that the defendant constituted said Bateman his agent for the purpose of ordering the seed. Defendant says in answer and as a witness in his own behalf that he ordered the seed in September to be deilvered October 1, 1917. The shipment

.of said. seed reached Grappes Bluff in Natchitoches parish on November 1, 1917, and were on that date placed on a platform connected with a store operated by James J. Copellar, son of the defendant.

Defendant in answer and as a witness in his own behalf says that he refused the. shipment because it arrived too late. He does not say, however, that he could not have used the seed in November and December, but he says that Bateman, the Demonstration Agent, advised him to experiment by planting the seed in October.

Our view is that he had no right to refuse the shipment and that he is bound for the price of the goods. If he desired to escape liability on this order on account of the fact, as he alleges, that the shipment arrived too late, the burden was upon him to show that the delay in the delivery was caused either by the shipper or the railroad company. But he has failed to do this.

We are inclined to doubt the seriousness of defendant's defense to the suit, that is, that he declined the shipment because it was unduly delayed. There is no doubt that he at first claimed that he declined to receive the seed because they were wet. He consulted counsel about the matter and told them that the seed were wet and for that reason he did not want them. That is shown by counsel's letter to the plaintiff dated June 13, 1820. In fact defendant admits on cross-examination that he first stated that his reason for refusing the shipment was that the seed were wet and damaged.

The fact that plaintiff made the payment as alleged is not denied and it is not disputed that if defendant was legally bound for the seed the plaintiff should recover the amount paid out by it in the manner alleged in the petition and as shown by the testimony.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment appealed from be reversed and avoided and it is now ordered that plaintiff, Louisiana Railway & Navigation Company, do have judgment against and recover from the defendant James C. Copellar the full sum of one hundred and one and 20-100 dollars with legal interest thereon from November 12, 1920, and all costs of this suit.